**JUN–PENG CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–1272–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2009.

---

Yu Zhang; Law Office of Fuhao Yang, PLLC; New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSEPH M. McLAUGHLIN and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Jun Peng Chen, a native and citizen of the People's Republic of China, seeks review of a February 26, 2009 order of the BIA, affirming the April 10, 2008 decision of Immigration Judge Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun–Peng Chen,* No. A099 993 937 (B.I.A. Feb. 26, 2009), *aff'g* No. A099 993 937 (Immig. Ct. N.Y. City Apr. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

█ The agency reasonably denied Chen's application for asylum. As the BIA correctly determined, Chen's wife's forced abortion and IUD insertion alone could not support a finding of past persecution as to Chen. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007) (en banc). Moreover, even assuming that Chen's refusal to sign a form authorizing the abortion and his altercation with officials constituted "resistance," *see* 8 U.S.C. § 1101(a)(42), the officials' resulting threat of arrest and visit to his home two days later did not establish past persecution. *See Guan Shan Liao v. U.S.*

554

*Dep't of Justice,* 293 F.3d 61, 70 (2d Cir. 2002).

The agency's finding that Chen does not have a well-founded fear of future persecution is supported by substantial evidence. There is nothing in the record that would indicate that officials continued to look for Chen after April 2006 and, furthermore, Chen testified that he and his wife are now eligible to have another child. Accordingly, even if subjectively held, Chen's fear was not objectively well founded. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (finding fear was not objectively reasonable where it lacked "solid support" in the record and was merely "speculative at best").

Because Chen failed to meet his burden of proof with respect to his asylum claim, he necessarily failed to meet the higher burden of proof required to prevail on his claim for withholding of removal and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).